# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

SHELA M. BLACKWELL and JO ANN BATTIESTE, on behalf of the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,

        Plaintiffs,

v.

BANKERS TRUST COMPANY OF SOUTH DAKOTA, a South Dakota Limited Liability Corporation,

        Defendant.

Case No. 3:18-cv-141-CWR-FKB

## PLAINTIFFS' NOTICE OF INTENT TO SERVE SUBPOENA

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiffs hereby give notice that they intend to serve a Subpoena to Produce Documents, Information or Objects in a Civil Action upon Mike Dordick, c/o Lars G. Golumbic, Groom Law Group, Chartered, 1701 Pennsylvania Avenue, NW, Washington, DC 20006, in the form attached hereto as Exhibit A, on July 2, 2020 at 10:30 a.m. at the offices of Bailey & Glasser, LLP, 1055 Thomas Jefferson Street, NW, Washington DC 20007.

Dated: June 18, 2020

Respectfully submitted,

*/s/ Patrick Muench*
Gregory Y. Porter (admitted *pro hac vice*)
Ryan T. Jenny (admitted *pro hac vice*)
Patrick Muench (admitted *pro hac vice*)
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103

Email: gporter@baileyglasser.com
       rjenny@baileyglasser.com
       pmuench@baileyglasser.com

W. Eric Stracener
W. Andrew Neely
STRACENER & NEELY PLLC
304 N. Congress St.
Jackson, MS 39201
Tel:   (601) 206-0885
Fax:   (601) 500-5305
Email: eric@sn-law.net
       andrew@sn-law.net

*Counsel for Plaintiffs*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| Shela M. Blackwell and Jo Ann Battieste, et al., *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 3:18-cv-141-CWR-FKB |
| Bankers Trust Company of South Dakota, *Defendant* | ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Mike Dordick, c/o Lars G. Golumbic, Groom Law Group, Chartered, 1701 Pennsylvania Avenue, NW Washington, DC 20006

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A

| Place: Bailey & Glasser LLP<br>1055 Thomas Jefferson Street NW, Suite 540<br>Washington, DC 20007 | Date and Time:<br>07/02/2020 10:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/18/2020

*CLERK OF COURT*

OR

_____   /s/ Patrick A. Muench
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff , who issues or requests this subpoena, are:

Patrick Muench, Bailey Glasser LLP, 333 S. Wabash Ave., Chicago, Illinois 60604; pmuench@baileyglasser.com;

**Notice to the person who issues or requests this subpoena** Tel. #: 312-995-7143
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:18-cv-141-CWR-FKB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**
**(SUBPOENA DUCES TECUM)**

MIKE DORDICK

## I.   INSTRUCTIONS

1.   In responding to these requests, you shall produce all responsive Documents that are in your possession, custody, or control, or the possession, custody, or control of your agents, successors or assigns. A Document shall be deemed to be within your control if you have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document. This includes all information that is in your possession, and/or in the possession of your attorneys, investigators, agents, employees or other representatives.

2.   These requests are continuing in nature so as to require supplemental responses to the extent required by the Federal Rules of Civil Procedure.

3.   You are to produce, for inspection and copying, original responsive documents in the order they are kept in the usual course of business, and such documents shall be produced in their original folders, binders, covers, or containers, or facsimile thereof. Copies of electronically stored information ("ESI") responsive to these requests shall be produced in TIFF image format unless the corresponding file cannot be converted to or is not reasonably viewable in such format, in which case it should be produced in "native" format. ESI produced in the form of TIFF images should be accompanied by a corresponding "image load file" and "OCR text file." You shall Bates stamp the documents.

4.   If any Document responsive to these requests is withheld under a claim of privilege or upon any other ground, as to each such Document, provide the following information in sufficient detail to permit the Court to rule on your claim:

Exhibit A - 1

    a.    The nature of the privilege being asserted or other rule relied upon, and the facts supporting your assertion thereof;

    b.    The party asserting the privilege; and

    c.    The following information about the purportedly privileged Document:

        (i)    The author, primary addressee, and secondary addressees or persons copied;

        (ii)    Information sufficient to identify the relationship of those persons to any party in this litigation and/or author of the Document, unless disclosed on the face of the Document;

        (iii)    A description sufficient to identify the type, subject matter, and purpose of the Document;

        (iv)    All Persons to whom its contents have been disclosed; and

        (v)    The date the Document bears and, if different, the date the Document was received by the addressee.

5.    If a portion of any Document responsive to these requests is withheld under a claim of privilege pursuant to the preceding instruction, any non-privileged portion of such Document must be produced with the portion claimed to be privileged redacted and marked with a notation regarding the redaction.

6.    You are to produce each Document requested herein in its entirety, without deletion or excision (except as qualified by the preceding two instructions), regardless of whether you consider the entire Document to be relevant or responsive to the requests.

7.    The Plaintiffs and proposed Class Members in this action are participants in or beneficiaries of an "employee benefit plan" under ERISA. Accordingly, each of the following

document requests should be understood to include documents authored by or exchanged with attorneys referring or relating to the management or administration of that employee benefit plan, including, but not limited to, the management of the assets of that plan, the investment of assets of that plan, or communications with plan participants and beneficiaries regarding the plan or their benefits under the plan, regardless of whether such documents would be privileged if requested by persons other than participants in or beneficiaries of the plan.

8.  Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition except where such words have a specific custom and usage definition in the trade, industry or subject at issue, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.  In construing the inquiry and requests herein:  (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neuter pronoun shall not exclude other genders; (c) the terms "any" and "all" shall be understood to mean "any and all;" and (d) the words "and" and "or" shall be read in the conjunctive or disjunctive or both, as the case may be, all to the end that the interpretation applied results in the more expansive production.

## II.  DEFINITIONS

In the event of any conflict or ambiguity between the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1.  "Action" means this class action lawsuit captioned *Blackwell v. Bankers Trust Company of South Dakota*, pending in the U.S. District Court for the Southern District of Mississippi, Northern Division, Case No. 18-cv-141, filed on March 6, 2018.

2. An "agent" is any person who acts on your behalf or has the power or apparent authority to act on your behalf. Agents include your lawyers, contractors, and employees.

3. "Class Member" means all persons who were vested participants in the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan (the "Plan"), excluding the shareholders and entities controlled by them who sold their Sta-Home Health & Hospice, Inc. stock to the Plan and their immediate families; the directors of Sta-Home Health & Hospice, Inc.; and legal representatives, successors, and assigns of any such excluded persons.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes all retrievable written and oral communications, including, but not limited to, e-mail, electronic postings, instant messaging, telephone communications, voice mail communications, face-to-face or videoconference communications, or other similar modes of communication.

5. "Company" or "Sta-Home" means Sta-Home Health & Hospice, Inc. including but not limited to its predecessors, successors, parents, subsidiaries, offices, divisions, and affiliates, partnerships, businesses, trusts, joint ventures, firm, corporation, businesses or legal entities, and their current and former agents, officers, directors, employees, attorneys, accountants, advisors, and all other persons acting or purporting to act on their behalf.

6. "Complaint" means Plaintiffs' Complaint filed in the action on March 6, 2018, and any amendments thereto.

7. "Defendant" means Bankers Trust Company of South Dakota, any individual or entity joined as a defendant in this Action, and, where applicable, their officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

8. "Document" or "Documents" means anything responsive within the meaning of Rule 34 of the Federal Rules of Civil Procedure, including but not limited to any electronically stored documents and electronic communications (such as e-mail) stored in computers or otherwise, whether or not ever printed or displayed, tape recordings, electronic transcripts, video recordings, digital video or audio recordings, or files or data stored on any handheld electronic device. A copy or a duplicate of a document that has any nonconforming notes, marginal annotations, or other markings, and any preliminary version, draft, or revision of the foregoing shall be considered a separate document within the meaning of this term.

9. "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

10. "ESOP Transaction" means the purchases of Company stock by the Plan on January 17, 2014.

11. "Fiduciary" or "Fiduciaries" means Persons named as fiduciaries in the Plan and Persons within the meaning given by ERISA § 3(21), 29 U.S.C. § 1002(21).

12. "Loan Transaction" means the loans to the Plan made in conjunction with the ESOP Transaction.

13. "Participant" or "Beneficiary" means any individual described in ERISA § 3(7) and (8), 29 U.S.C. § 1002(7) and (8), for whom an account was maintained in the Plan.

14. "Person" or "Persons" means any natural person or any legal entity, including, without limitation, any trust, or business or governmental entity or association.

15. "Plaintiffs" mean Shela M. Blackwell and Jo Ann Battieste.

16. "Concerning" means "referring to," "relating," "concerning," "describing," "evidencing," "comprising," or "discussing."

Exhibit A - 5

17. "Refer," "referring," "relate," and "relating" mean all Documents that comprise, reflect, record, memorialize, embody, discuss, evaluate, consider, review, or report on the subject matter of each particular Request.

18. "Sellers" means the Persons who sold Company stock to the Plan in the ESOP Transactions, including Vincent Caracci, Christina Brosette, Michael Caracci, Joyce Caracci and other members of the Caracci family.

19. "Valuation" means the act or process of determining the value of a business enterprise or ownership interest therein.

20. "You" and "Your" means Mike Dordick together with any and all persons who assisted in any way with your activities concerning the Action, including but not limited to review of facts, information, data, or documents, preparation of your report, or developing or rendering your opinion. You and Your includes any current or former attorneys, consultants, experts, investigators, employees, agents, business associates or other Persons acting or purporting to act on behalf of such person or entity.

### III.   DOCUMENTS REQUESTED

Please produce the following documents.

**REQUEST FOR PRODUCTION NO. 1:**

Copies of all documents considered or relied on to support the following statements on page 4 in your May 15, 2020 rebuttal report in this action: "it would be highly unusual for an investigator to alert the investigation's subject to the existence of an investigation at such an early stage."

**REQUEST FOR PRODUCTION NO. 2:**

Exhibit A - 6

Copies of all documents considered or relied on to support the following statements on page 4 in your May 15, 2020 rebuttal report in this action: "A provider ordinarily would not be made aware of fact-gathering communications between an auditor and former beneficiaries."

Exhibit A - 7