# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **SHELA M. BLACKWELL and JO ANN BATTIESTE, on behalf of the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BANKERS TRUST COMPANY OF SOUTH DAKOTA,  a South Dakota Limited Liability Corporation,**<br><br>**Defendant** | **Case No. 3:18-cv-141-CWR-FKB** |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between Plaintiffs Shela M. Blackwell and Jo Ann Battieste, individually and on behalf of the Settlement Class (as defined below), and Defendant Bankers Trust Company of South Dakota ("Bankers Trust" or "Defendant") (Plaintiffs and Defendant collectively referred to as "Parties").

## RECITALS

WHEREAS, prior to January 17, 2014, Sta-Home Health & Hospice, Inc. ("Sta-Home") was a privately held company whose shareholders included: Vincent Caracci; Michael Caracci; and Christina Brossette (collectively, the "Selling Shareholders");

WHEREAS, on or about October 10, 2013, Sta-Home engaged Bankers Trust  to serve as the independent trustee ("Trustee") of the Sta-Home Employee Stock Ownership Plan ("ESOP") for the purpose of determining whether the ESOP should purchase 100 percent of Sta-Home's stock ("Stock");

1

WHEREAS, Bankers Trust approved the purchase by the ESOP of 100 percent of Sta-Home's common stock for $75.5 million, with the purchase financed by a $75.5 million loan, bearing an initial interest rate of 8.3 percent, from the Selling Shareholders to the ESOP  (the "ESOP Transaction");

WHEREAS, the ESOP Transaction closed on January 17, 2014 (the "Closing Date");

WHEREAS, after the Closing Date, shares of Sta-Home's Stock that had been purchased by the ESOP were periodically allocated to ESOP participants' ("Participants") accounts following the payment by Sta-Home of contributions to the ESOP and the ESOP's corresponding payments back to Sta-Home to satisfy the debt payment obligations under the promissory note;

WHEREAS, Sta-Home was acquired by AccentCare, Inc., on March 31, 2017;

WHEREAS, Sta-Home terminated the ESOP upon its acquisition by AccentCare, Inc.;

WHEREAS, as of March 31, 2017, Sta-Home is owned by, and operates as a subsidiary of, AccentCare, Inc.;

WHEREAS, on March 6, 2018, Plaintiffs, on behalf of a putative class of participants and beneficiaries in the Sta-Home ESOP, filed a complaint against Bankers Trust in the United States District Court for the Southern District of Mississippi, Case No. 3:18-cv-00141 (the "Lawsuit");

WHEREAS, Plaintiffs alleged that Bankers Trust violated ERISA in connection with the ESOP Transaction by paying more than fair market value for Sta-Home's stock;

WHEREAS, on March 29, 2019, the Court denied Bankers Trust's motion to dismiss Plaintiffs' complaint;

WHEREAS, Bankers Trust filed an Answer to the Amended Complaint on April 19, 2019, denying all liability and asserting affirmative defenses;

WHEREAS, Bankers Trust continues to deny all material allegations in the Complaint and, more generally, denies any wrongdoing or liability with respect to the ESOP or the ESOP

Transaction.  Bankers Trust maintains that, at all relevant times, it has acted reasonably and prudently with respect to the ESOP and the ESOP participants and beneficiaries and, further, that its actions at all times have complied with all applicable laws; and

WHEREAS, on September 2, 2020, the Parties, through their counsel, participated in arm's length and good faith settlement discussions with the assistance of Mediator Robert A. Meyer, Esq.  Following the mediation, the Parties, under the guidance of Mr. Meyer, continued discussions and, on September 10, 2020, reached an agreement in principle regarding a settlement of the Lawsuit.

NOW, THEREFORE, it is agreed by the Parties, in consideration of the promises, covenants, and agreements herein stated, and for other good and valuable consideration, that the Lawsuit and Released Claims (as defined herein) shall be settled and dismissed on the merits and with prejudice in accordance with the following terms and conditions, all subject to the approval by the Court

1.      **Additional Definitions.**

1.1      "Class Member" shall mean a member of the Settlement Class.

1.2      "Class Notice" shall mean notice of the Settlement to the Settlement Class in a form and substance substantially similar to Exhibit A to the form of Preliminary Approval Order attached hereto as Exhibit 1-A, to be provided pursuant to the Preliminary Approval Order in the manner and form approved by the Court and in compliance with Rule 23 of the Federal Rules of Civil Procedure.

1.3.      "Court" shall refer to the United States District Court for the Southern District of Mississippi.

1.4     "Fairness Hearing" shall mean the hearing at which the Court will consider whether the Settlement should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure.

1.5     "Final" shall have the same meaning ascribed to "final" under 28 U.S.C. § 1291, and: (i) the time expired to file an appeal, motion for reargument, motion for rehearing, petition for a writ of certiorari or other writ ("Appeal Proceeding") with respect to a judicial ruling or order with no such Appeal Proceeding having been filed; or (ii) if an Appeal Proceeding has been filed with respect to such judicial ruling or order, (a) the judicial ruling or order has been affirmed without material modification and with no further right of review, or (b) such Appeal Proceeding has been denied or dismissed with no further right of review.

1.6     "Final Order" shall mean a final judgment and order of dismissal which is to be entered by the Court finally approving the terms of this Settlement Agreement and dismissing the Lawsuit with prejudice.

1.7     "Plaintiffs' Counsel" shall mean Bailey & Glasser, LLP.

1.8     "Preliminary Approval Order" shall mean the order preliminarily approving the Settlement substantially in the form annexed as Exhibit 1 hereto.

1.9     "Settlement" shall mean the settlement to be consummated under this Settlement Agreement.

1.10     "Settlement Administrator" shall mean CPT Group, Inc.

1.11     "Settlement Amount" shall mean $5,000,000.

1.12     "Settlement Class" shall mean all persons who, at any time, were vested participants in the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan and the beneficiaries of such participants.  Excluded from the Settlement Class are the Selling Shareholders and their immediate families, the directors of Sta-Home (other than non-Selling

4

Shareholder directors who were employees of Sta-Home), and legal representatives, successors, and assigns of any such excluded persons.

      1.13   "Service Awards" shall mean the amounts requested by Plaintiffs to be awarded to Shela M. Blackwell and Jo Ann Battieste in recognition of their service as class representatives.

      **2.**      **Conditions to Finality of Settlement.**

The Settlement shall be unconditional when each of the following conditions in Sections 2.1 through 2.5 has been satisfied.  The Parties will use reasonable good faith efforts to cause each of the conditions to occur within the times indicated.

      2.1.  Condition #1:  Class Certification for Purposes of Settlement.

The Court shall certify the Settlement Class as a non-opt-out class for settlement purposes pursuant to Rule 23(a)(l)-(4), 23(b)(1) and/or (2), and 23(e) of the Federal Rules of Civil Procedure, with Plaintiffs as the named class representatives and Plaintiffs' Counsel as counsel for Plaintiffs and the Settlement Class.  The Parties agree to certification of the Settlement Class for settlement purposes only, and Defendant agrees not to challenge certification of the Settlement Class for settlement purposes.  The Parties further agree that if the Settlement does not become unconditional, then no Settlement Class will be deemed to have been certified by, or as a result of, this Settlement Agreement, and the Lawsuit and the claims asserted therein will revert to their status as of the day immediately before September 10, 2020.  In such event, Defendant will not be deemed to have consented to the certification of any class, the agreements and stipulations in this Settlement Agreement or its Exhibits concerning class definition, class period, or class certification shall not be used in any way to support class definition, any class period, class certification, or for any other purpose, and Defendant will retain all rights to oppose class certification.

2.2.  Condition #2: Court Approval.

The Settlement shall have been approved by the Court in accordance with the following steps:

2.2.1.  Motion for Preliminary Approval of Settlement and of Notices.

On November 13, 2020, Plaintiffs will file a motion ("Preliminary Approval Motion") with the Court for entry of the Preliminary Approval Order in the form annexed as Exhibit 1 hereto.  Plaintiffs shall give Defendant at least five (5) business days to review the Preliminary Approval Motion before filing.  Defendant may, but shall not be required to, submit papers in connection with the Preliminary Approval Motion.

2.2.2.  Service of Notice under the Class Action Fairness Act.

Defendant shall prepare and serve the notices required by CAFA, as specified by 28 U.S.C. § 1715, within ten days after the Settlement Agreement is filed with the Court.

2.2.3.  Preliminary Approval Order; Issuance of Class Notice.

The Court shall issue the Preliminary Approval Order, substantially in the form annexed as Exhibit 1 hereto.  Subject to the requirements of the Preliminary Approval Order, Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice on a website for the Settlement Class at least ninety (90) days before the Fairness Hearing.  The Parties will seek to set the Fairness Hearing for a date on or after _____, 2021, which shall be at least ninety (90) days after the mailing of the Class Notice to the Settlement Class and at least ninety (90) days after the date of mailing of notice under the Class Action Fairness Act of 2005, PL 109-2 (2005) ("CAFA").  The Parties will request that Sta-Home provide, or cause to be provided, the names, last known addresses of the Settlement Class members, and number of shares of Sta-Home stock allocated to their ESOP account as of (1) the day prior to the Plan's termination, or (2) if the Class Member received a prior distribution of the

6

Class Member's entire account balance, the number of vested shares of Sta-Home stock allocated to their ESOP account as of the date of the prior distribution. The information in the preceding sentence shall be provided to the Settlement Administrator to the extent available with reasonable effort in electronic format, at least twenty-one (21) days prior to the deadline for mailing notice.[1]  Any additional, reasonable, costs associated with the Class Notice and Settlement that are incurred by Sta-Home from third parties (such as the ESOP's former third-party administrator) associated with the identification of Settlement Class Members, the determination of the number of vested shares or the dissemination of the Class Notice shall be paid from the Settlement Fund, but in no event shall such expenses include any ESOP Trustee fees or legal fees incurred by Sta-Home.

2.2.4.  Motion for Final Approval of Settlement.

Plaintiffs will file a motion seeking final approval of the Settlement (the "Final Approval Motion") and for approval of attorneys' fees and expenses and Service Awards to the class representatives with the Court no later than thirty (30) days before the Fairness Hearing date set by the Court in the Preliminary Approval Order.  The language of the Final Approval Motion shall be subject to the review and input of Defendant, and Plaintiffs shall give Defendant at least five (5) business days to review the Final Approval Motion before filing.  Defendant may, but shall not be required to, submit papers in connection with the Final Approval Motion.

2.2.5. The Fairness Hearing.

At or after the Fairness Hearing, the Court will determine: (i) whether to enter the Final Order approving the Settlement and dismissing the Lawsuit; (ii) what attorneys' fees and

---

[1] The Parties acknowledge that any information provided Sta-Home for this purpose shall be treated as "Confidential" under the Stipulation and Order for the Production and Exchange of Confidential Information (D.I. 36).  Plaintiffs expressly acknowledge that the information may be used solely to deliver the class notice.

expenses should be granted to Plaintiffs' Counsel; and (iii) what, if any, Service Awards should be awarded to the class representatives.

2.2.6.  Entry of Final Order.

The Court shall have entered the Final Order.

2.3.  Condition #3: Funding of Settlement Amount.

The Settlement Amount shall have been deposited into the Settlement Fund Account in accordance with Section 7.1.2 and 7.2.

2.4.  Condition #4: Finality of Final Order.

The Final Order has become Final.

If Plaintiffs and Defendant disagree as to whether each and every condition set forth in Section 2 herein has been satisfied or waived, they shall promptly confer in good faith and, if unable to promptly resolve their differences, shall present their disputes for determination to the Court.

**3.      Releases.**

3.1      Releases by Plaintiffs and the Settlement Class.

Effective upon the entry of the Final Order, Plaintiffs and the Settlement Class on behalf of themselves, their beneficiaries, heirs, executors, representatives, and assigns, absolutely and unconditionally release and forever discharge Bankers Trust, Sta-Home, the Selling Shareholders, AccentCare, Inc., any successor trustee to the ESOP,  and the then named and functional fiduciaries of the Sta-Home ESOP prior to its termination, current or former shareholders, officers, directors and trustees of Sta-Home and/or the Sta-Home ESOP and each of their respective parent companies, subsidiaries, affiliates, officers, directors, employees, agents, attorneys, relations, representatives, assigns, insurers and reinsurers (collectively, "Releasees"), from all Released Claims, as defined in section 3.2.  Notwithstanding any other

8

provision hereof, the Releases set forth in Section 3 will remain in effect during the pendency of any Appeal Proceeding of the Final Order.  Only if any Appeal Proceeding results in a reversal or vacation of the Final Order will the Releases become void and lose their effect, at which time the provisions of Section 10 will become effective.

    3.2     Released Claims.

The Released Claims shall include any and all claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief), whether against Releasees in their capacity as individuals, corporate entities, or in their capacities as fiduciaries,  whether known or unknown, in law or equity, which were or could have been asserted in the Lawsuit (the "Released Claims") that relate to or arise from the facts and claims alleged in the Complaint.  In the event that any court with original or appellate jurisdiction over the Lawsuit issues a final determination that any portion of Section 3 herein is not enforceable, the Parties will jointly modify Section 3 herein to conform with such determination, and in any event portions of Section 3 herein that are enforceable shall remain enforceable.

Plaintiffs hereby expressly waive, on their own behalf and on behalf of all members of the Settlement Class and the Sta-Home ESOP, any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction. Section 1542 reads in pertinent part:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

9

4.      **Covenants.**

4.1      Covenants Not to Sue.  Plaintiffs and all members of the Settlement Class, and Plaintiffs' Counsel covenant and agree, (i) not to file any claim or action against any Releasee based on a Released Claim; and (ii) that the foregoing covenant and agreement shall be a complete defense to any such lawsuit or claims against any of the Releasees.  Bankers Trust covenants and agrees not to file any claim or action against Plaintiffs or Plaintiffs' Counsel relating to any claim, allegations, or conduct in the Lawsuit.

4.2      Taxation of Settlement Fund.  Plaintiffs acknowledge that Releasees have no responsibility for any taxes due on the Settlement Fund, on earnings on the Settlement Fund, or any amounts that Plaintiffs receive from the Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

5.      **Representations and Warranties.**

5.1      Plaintiffs' Representations and Warranties.  Each Plaintiff represents and warrants on behalf of herself and all members of the Settlement Class as follows:

5.1.1      That Plaintiffs and their counsel have conducted an appropriate investigation and discovery, and have diligently litigated the Lawsuit.

5.1.2      That none of the Plaintiffs' claims or causes of action made in the Lawsuit or that could have been alleged in the Lawsuit against any of the Releasees have been or will be assigned, encumbered, or in any manner transferred in whole or in part.

5.1.3      That Plaintiffs shall have no surviving claim or cause of action against any of the Releasees with respect to the Released Claims.

5.2      Parties' Representations and Warranties.

The Parties, and each of them, represent and warrant:

5.2.1.   That they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations among Plaintiffs' Counsel and counsel for Defendant, with the assistance and recommendation of the Mediator, Robert A. Meyer, Esq.; that in executing this Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights, obligations, and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representation, statement, or omission pertaining to any of the foregoing matters by any Party or by any person representing any Party to this Settlement Agreement.  With respect to the Settlement, each of the Parties assumes the risk of mistake as to facts and/or law.

5.2.2.   That they have carefully read the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each person executing this Settlement Agreement on behalf of such Party.  The Parties, and each of them, further represent and warrant to each other that he, she, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, or it deems necessary or appropriate.

5.3      Signatories' Representations and Warranties.

Each person executing this Settlement Agreement on behalf of themselves or in a representative capacity do hereby personally represent and warrant that, to the best of his or her information and knowledge formed after reasonable inquiry, he or she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal for whom such individual represents or purports to represent.

11

6.     **No Admission of Liability.**

6.1     This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal, equitable, or factual, and are not admissions of any damages or losses.  The Settlement Agreement, whether or not consummated, and any discussions, negotiations, proceedings or agreements relating to the Settlement Agreement, and any matters arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be construed, offered or received against or to the prejudice of the Parties for any purpose, and in particular:

6.1.1     do not constitute and shall not be deemed to constitute any liability or wrongdoing by any of the Releasees, or give rise to any inference of wrongdoing or liability under ERISA;

6.1.2     do not constitute, and shall not be offered or received against or to the prejudice of Releasees as evidence of any presumption, concession or admission by Releasees with respect to the truth of any allegation by Plaintiffs or as alleged in the Lawsuit, or of any liability, damages, fault, omission, or wrongdoing of Releasees;

6.1.3     do not constitute, and shall not be offered by or received against or to the prejudice of Releasees, in any other civil, criminal, or administrative lawsuit or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement.

6.1.4     do not constitute, and shall not be offered or received against or to the prejudice of Plaintiffs as evidence of any presumption, concession or admission by Plaintiffs with respect to the truth of any allegation or affirmative defense by Defendant or as alleged in the Answer, or to limit any claim of damages or remedy requested by Plaintiffs;

6.2     Releasees may file this Settlement Agreement and/or the Final Order in any action that may be brought against them in order to support a defense or counterclaim based in principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies.  A Party may file this Settlement Agreement and/or the Final Order in any action that the Party brings against another Party to enforce the terms of this Settlement Agreement and/or the Final Order.

## 7.     **The Settlement Fund Account.**

7.1     Plaintiffs' Counsel or the Settlement Administrator shall establish at a federally chartered financial institution reasonably acceptable to Defendant (the "Financial Institution") an interest-bearing account (the "Settlement Fund Account").  The Parties agree that the Settlement Fund Account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1.  Plaintiffs' Counsel shall provide to the Defendant: (i) written notification of the date of establishment of the Settlement Fund Account; (ii) written notification of the following information regarding the Financial Institution and the Settlement Fund Account: bank name, bank address, ABA number, account number, account name, and IRS Form W-9 and taxpayer identification number; and (iii) any additional information needed to deposit the Settlement Amount into the Settlement Fund Account. Plaintiffs' Counsel shall direct the Financial Institution to make distributions by wire transfer or check from the Settlement Fund only in strict accordance with the Settlement Agreement and Court Orders.  No other disbursements may be authorized by Plaintiffs' Counsel.

7.2     Ten (10) calendar days after the entry of the Preliminary Approval Order, Defendant shall direct that $100,000 be deposited into the Settlement Fund Account; provided

however, that if Plaintiffs' Counsel has not yet provided the Defendant with the notifications and information required in (i)-(iii) in the preceding paragraph, then the deadline for the Defendant to make the deposit into the Settlement Fund Account, shall be extended to ten (10) calendar days after the date on which Plaintiffs' counsel provides the requisite notifications and information.

7.3     Not later than ten (10) calendar days after the entry of the Final Order by the Court, Defendant shall direct that $4,900,000 be deposited into the Settlement Fund Account.

7.4     The Settlement Amount deposited into the Settlement Fund Account will be considered to be in the legal custody of the Court until such time as such funds may be distributed pursuant to further order of the Court or pursuant to the terms of this Settlement Agreement.  The Parties acknowledge and agree that Releasees shall have no authority, control or liability in connection with the design, management, administration, investment, maintenance, or control of the Settlement Fund Account, or for any expenses the Settlement Fund Account may incur or any taxes that may be payable to the Settlement Fund.

7.5     The Settlement Amount shall be the full and sole monetary contribution made by or on behalf of Releasees in connection with the Settlement.  The Settlement Amount specifically covers any claims for attorneys' fees and litigation expenses by Plaintiffs.  Except as otherwise specified in this Settlement Agreement, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with the Lawsuit and effectuating this Settlement Agreement and securing necessary Court orders and approvals with respect to the same.

**8.     Payments from the Settlement Fund Account.**

8.1     Administration Expenses.  Plaintiffs' Counsel may direct the Settlement Administrator in writing, without notice to Defendant or further order of the Court, to disburse from the Settlement Fund Account (i) the amount required for payment of any taxes owed on the

Settlement Fund Account, and (ii) amounts for the reasonable expenses of administering the

Settlement Fund Account, including (a) reasonable expenses associated with the preparation and

filing of all tax reports and tax returns required to be filed; (b) expenses associated with the

preparation and issuance of any required Forms 1099 associated with payments from the

Settlement Fund Account; (c) fees charged and expenses incurred by the Financial Institution

associated with the administration of the Settlement Fund Account; (d) fees charges and

expenses incurred by the Settlement Administrator, including reasonable costs incurred in

preparing and mailing the Class Notice and any supplemental notice to the Settlement Class, in

implementing the Plan of Allocation (as defined below) and in disbursing funds from the

Settlement Funds Account.

If the Settlement Agreement is terminated or does not become final for any reason after

the expenditure of funds to pay for the reasonable costs associated with the Class Notice,

Plaintiffs' Counsel shall be obligated to instruct the Settlement Administrator (or an escrow

agent, successor trustee, or other person with authority to disburse the funds) to return the funds

remaining in the Settlement Fund to Defendant.

8.2    Disbursements from Settlement Fund.  Plaintiffs' Counsel shall be entitled to

seek from the Court disbursement of money from the Settlement Fund Account once the Final

Order becomes Final as follows:

8.2.1   For Attorneys' Fees and Litigation Expenses.  As provided in Section 9.1

herein.

8.2.2   For payment of any Service Awards approved by the Court.  In

recognition of their service as class representatives Plaintiffs shall request a Service Award for

each class representative not to exceed $20,000.

8.2.3    For Payment to the Settlement Class.  Upon the Final Order becoming Final, and after the amounts payable pursuant to Sections 8.1 and 8.2.1 and 8.2.2 have been determined and disbursed, the net amount remaining in the Settlement Fund Account (the "Net Proceeds") shall be calculated by the Settlement Administrator.  The Settlement Administrator shall implement the Plan of Allocation and, thereby, determine how much of the Net Proceeds should be allocated to each Class Member as earnings pursuant to the terms of the ESOP and in proportion to the vested company shares that he or she held in the Sta-Home ESOP, using the records available to it, and considering documents, if any, submitted by Class Members.  The Settlement Administrator shall calculate each Class Member's share of the Net Proceeds based on such Class Member's number of vested shares of Sta-Home stock allocated to their ESOP account as of (1) the day prior to the Plan's termination and sale of such stock, or (2) if the Class Member received a prior distribution of the Class Member's entire account balance, the number of vested shares of Sta-Home stock allocated to their ESOP account as of the date of the prior distribution ("Plan of Allocation").  The allocable portion of the Net Proceeds for each  Class Member  shall be distributed to those Class Members directly by the Settlement Administrator.  Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendant, and Defendant shall take no position for or against the Plan of Allocation.  Plaintiffs, Plaintiffs' Counsel, Defendant, and Defendant's counsel shall have no responsibility or liability for or in connection with the calculations and distributions of the Net Proceeds among and to the members of the Settlement Class.  Any third party administrator shall have no responsibility or liability for or in connection with the calculation, allocation within the ESOP, or distribution of the Net Proceeds as among or to the members of the Settlement Class, except that, in the event of an error by a third party administrator in the distribution from the ESOP following payment to it

of the Net Proceeds allocable among the members of the Settlement Class, the error shall be corrected within a reasonable amount of time

### 9. <u>Attorneys' Fees and Litigation Expenses and Service Awards</u>

9.1     Payment of Plaintiffs' Attorneys' Fees and Litigation Expenses and Service Awards.  Plaintiffs' Counsel may apply to the Court for an award of attorneys' fees in an amount not exceeding one-third of the Settlement Amount, and for reimbursement of litigation expenses, including the cost and expense of any service company, expert, or consultant retained by Plaintiffs' Counsel.  The aggregate amount of the attorneys' fees and litigation expenses shall not exceed 50% of the Settlement Amount, and shall be paid out of, and not in addition to, the Settlement Amount.  Plaintiffs may also apply to the Court for Service Awards to the class representatives, which shall be paid out of, and not in addition to, the Settlement Amount. Plaintiffs' Counsel shall file their application for attorneys' fee and litigation expenses and for Service Awards no later than thirty (30) days before the Fairness Hearing and, thereafter, shall be entitled to receive attorneys' fees and litigation expenses and the class representatives shall be entitled to Service Awards from the Settlement Fund Account to the extent awarded by the Court.  Defendant shall take no position with respect to Plaintiffs' Counsel's application for attorneys' fees and litigation expenses or for Service Awards.  Defendant does not agree or concede that the amount of attorneys' fees and/or any expenses that may be sought by Plaintiffs' Counsel or Service Awards sought for the class representatives are appropriate or reasonable, but simply takes no position.

9.2     Separate Consideration.  The procedure for and allowance or disallowance by the Court of Plaintiffs' application for attorneys' fees and litigation expenses and for Service Awards are a separate part of the Settlement set forth in this Settlement Agreement, but are separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth

17

in this Settlement Agreement.  Any order or proceeding relating to any application for attorneys' fees, litigation expenses in an amount less than the amount requested by Plaintiffs' Counsel or request for Service Awards, or any appeal from any order relating thereto or reversal or modification, thereof, shall not operate to terminate or cancel the Settlement Agreement, or affect or delay the finality of the Final Order approving the Settlement Agreement and the Settlement set forth herein.  If at the time of any disbursement from the Settlement Fund Account there shall be a pending application for attorneys' fees or expenses or Service Awards, there shall be reserved in the Settlement Fund Account an amount equal to the amount of the pending application, until such time as the Court shall rule upon such application and such ruling shall become Final.

### 10.    Termination of the Settlement Agreement.

10.1    Termination.  This Settlement Agreement may be terminated by either Party if (i) the Court declines to approve the Settlement by entering the Final Order, or (ii) the Final Order entered by the Court is reversed or modified in any material respect by any Appeal Proceeding, provided that the terminating party, within fourteen (14) calendar days from the date of such event, furnishes written notice to Plaintiffs' Counsel or Defendant's Counsel, as the case may be, of the termination of this Settlement, specifying the terms modified or not approved that give rise to the right to terminate.

10.2    Consequences of Termination of the Settlement Agreement.  If the Settlement Agreement is terminated, the following shall occur:

10.2.1    Plaintiffs' Counsel or Defendant's Counsel shall promptly after the date of termination of the Settlement Agreement notify the Court and return any Settlement Amount to the Defendant, except for amounts disbursed or incurred pursuant to Section 8.1.

10.2.2    The Lawsuit shall for all purposes revert to its status as of the day immediately before September 10, 2020 and the Parties shall request a scheduling conference with the Court.  In any subsequent proceeding, the terms of this Settlement Agreement shall not constitute nor be construed as an admission by any Party, nor be used against any Party, in any manner, whether as evidence or argument.

10.2.3    The Settlement shall be deemed void and of no further force and effect.

**11.    <u>Miscellaneous Provisions.</u>**

11.1    Continuing Jurisdiction of the Court.  The Court shall retain jurisdiction over this Lawsuit to resolve any dispute that may arise regarding the Settlement Agreement, the Class Notice, the Final Order, or any other matters relating thereto, including any dispute regarding validity, performance, interpretation, administration, enforcement, enforceability, or termination of the Settlement Agreement.

11.2    Required Disclosures.  The Parties acknowledge and agree that (i) they shall be authorized to disclose the fact of the Settlement and the Settlement Amount; and (ii) they may make such public filings and accompanying public statements as required to be made under applicable law concerning the Settlement upon execution of this Settlement Agreement and the filing of this Settlement Agreement with the Court for preliminary approval.   Plaintiffs and their counsel shall not make any statements, or take any other actions, to disparage, defame, sully or compromise the goodwill, name, brand or reputation of Bankers Trust or Sta-Home. Nothing in this paragraph is intended to limit or restrict Plaintiffs' Counsel's ability to communicate with Class members.

11.3    Complete Resolution.  The Parties intend the Settlement of the Lawsuit to be the full, final and complete resolution of the Released Claims and the Lawsuit.  The Parties and their

counsel agree that they shall not make any applications for sanctions, pursuant to Rule 11 of the Federal Rules of Civil Procedure or other court rule or statute, with respect to any claim or defense in this Lawsuit.

11.4    Governing Law.  The construction, interpretation, operation, effect and validity of this Settlement Agreement and all documents necessary to effectuate it, shall be governed by the laws of the State of Iowa, without giving effect of laws or choice of law provisions thereof, except to the extent the laws of the United States, including federal common law, governs any matter set forth herein, in which case federal law shall govern.

11.5    Severability.  The provisions of this Settlement Agreement are not severable.

11.6    Destruction or Return of Protected Materials.  Within sixty (60) calendar days after the Final Order become Final, the Parties shall fully comply with the applicable provisions of the Protective Order concerning the destruction or return of protected materials.

11.7    Amendment of Settlement Agreement.  Before the entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Parties.  Following entry of the Final Order, the Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Parties and approved by the Court.  Amendments or modifications may be made without notice to the Class Members unless notice is required by law or the Court.

11.8    Waiver.  The provisions of this Settlement Agreement may be waived only in writing executed by the waiving party.  The waiver by any Party of any breach of this Settlement Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

11.9    Retention of Privilege.  Nothing in this Settlement Agreement, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable

privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

11.10   Construction.  None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statue, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

11.11   Principles of Interpretation.  The following principles of interpretation apply to this Settlement Agreement.

11.11.1    Headings.  The headings of this Settlement Agreement are for purposes of reference only and do not affect in any way the meaning or interpretation of this Settlement Agreement.

11.11.2    Terms of Inclusion.  Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather be deemed to be followed by the words "without limitation."  The connectives "and," "or," and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a sentence or clause all subject matter that might otherwise be construed to be outside of its scope. The terms "herein," "hereof," and the like shall be deemed to refer to this Settlement Agreement as a whole.

11.12   Further Assurances.  Each of the Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that they will in good faith execute and deliver each other documents and take such other actions as may be necessary to consummate and effectuate the subject matter and purpose of this Settlement Agreement, so long as such documents and actions are consistent with the terms of this Settlement Agreement and do not effectively result in a material modification of the terms of this Settlement Agreement.

11.13   Survival.  All representations, warranties and covenants set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement.

11.14   Entire Agreement.

11.14.1     All of the recitals and exhibits to the Settlement Agreement are material and integral parts hereof and are, except as set forth, fully incorporated herein by this reference.

11.14.2     The Parties acknowledge that this Settlement Agreement specifically supersedes any settlement terms or settlement agreements that were previously agreed upon orally or in writing by any of the Parties regarding the issues of the Settlement.

11.15   Counterparts.  This Settlement Agreement may be executed in two (2) or more counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument.  Signatures sent by facsimile or by e-mail "PDF" shall be deemed originals.

11.16   Successors and Assigns.  This Settlement Agreement shall be binding upon, and insure to the benefit of, the successors and assigns of the Parties.

11.17   Binding Effect.  This Settlement Agreement shall be binding when signed, but the Settlement shall be effective only on the condition that the Court approves the Settlement Agreement and satisfaction of Section 2 herein.

11.18   Notices.  Any notice, demand, or other communication under this Settlement Agreement (other than the Class Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail (postage prepaid), or delivered by reputable express overnight courier:

IF TO PLAINTIFFS:
Gregory Y. Porter
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007

IF TO DEFENDANT
Lars C. Golumbic
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006

IN WITNESS WHEREOF, the Parties have executed this Settlement Agreement

effective January 13, 2021

_(signature)_

Gregory Y. Porter (*pro hac vice*)
Ryan T. Jenny (*pro hac vice*)
Patrick O. Muench (*pro hac vice*)
Bailey & Glasser, LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
gporter@baileyglasser.com
rjenny@baileyglasser.com
pmuench@baileyglasser.com

W. Eric Stracener
W. Andrew Neely
Stracener & Neely
304 N. Congress St.
Jackson, MS 39201
Telephone: (601) 206-0885
eric@sn-law.net
andrew@sn-law.net

*Attorneys For Plaintiffs*

*/s/ Lars C. Golumbic*
_____

Lars C. Golumbic (*pro hac vice*)
Mark C. Nielsen (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
Elizabeth Woods (*pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
lgolumbic@groom.com
mnielsen@groom.com
rmcsweeney@groom.com
ewoods@groom.com


_____

Armin J. Moeller
Balch & Bingham LLP
188 East Capitol Str., Suite 1400
Jackson, MS 39201
Telephone:  (601) 965-8156
amoeller@balch.com

*Attorneys for Defendant*
*Bankers Trust Company of South Dakota*

Bankers Trust Company of South Dakota

By: _____

Its: _____

_____

Lars C. Golumbic (*pro hac vice*)
Mark C. Nielsen (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
Elizabeth Woods (*pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
lgolumbic@groom.com
mnielsen@groom.com
rmcsweeney@groom.com
ewoods@groom.com

Armin J. Moeller
Balch & Bingham LLP
188 East Capitol Str., Suite 1400
Jackson, MS 39201
Telephone:  (601) 965-8156
amoeller@balch.com

*Attorneys for Defendant*
*Bankers Trust Company of South Dakota*

Bankers Trust Company of South Dakota

By: _____

Its: _____

25

_____
Lars C. Golumbic (*pro hac vice*)
Mark C. Nielsen (*pro hac vice*)
Ross P. McSweeney (*pro hac vice*)
Elizabeth Woods (*pro hac vice*)
Groom Law Group, Chartered
1701 Pennsylvania Ave NW, Suite 1200
Washington, D.C. 20006
Telephone: (202) 857-0620
lgolumbic@groom.com
mnielsen@groom.com
rmcsweeney@groom.com
ewoods@groom.com


_____
Armin J. Moeller
Balch & Bingham LLP
188 East Capitol Str., Suite 1400
Jackson, MS 39201
Telephone:  (601) 965-8156
amoeller@balch.com

*Attorneys for Defendant*
*Bankers Trust Company of South Dakota*

Bankers Trust Company of South Dakota

By: _____

Its: ____President_____

25

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **SHELA M. BLACKWELL and JO ANN BATTIESTE, on behalf of the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BANKERS TRUST COMPANY OF SOUTH DAKOTA,  a South Dakota Limited Liability Corporation,**<br><br>**Defendant.** | Case No. 3:18-cv-141-CWR-FKB |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS AND PROPOSED NOTICE OF SETTLEMENT**

Plaintiffs Shela Blackwell and Jo Ann Battieste, individually and as Class Representatives ("Plaintiffs" or "Class Representatives"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of this Action and for certification of a settlement class, in accordance with the Class Action Settlement Agreement dated January 13, 2020 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of this action. The Court having read and considered the Settlement Agreement, the Motion and the exhibits thereto,

IT IS HEREBY ORDERED that:

1. **Settlement.** Plaintiffs, on behalf of themselves and all members of the Class, and Defendant Bankers Trust Company of South Dakota ("Bankers Trust"), have negotiated a

potential settlement to this action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined in the Settlement Agreement) against Bankers Trust and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions**. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction**. This Court has jurisdiction over the subject matter of this action and over all parties to this action, including all Class Members, and venue in this Court is proper.

4. **Preliminary Approval**. The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class**. The Court certifies the following Settlement Class as: "all persons who, at any time, were vested participants in the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan and the beneficiaries of such participants.  Excluded from the Settlement Class are the Selling Shareholders and their immediate families, the directors of Sta-Home (other than non-Selling Shareholder directors who were employees of Sta-Home), and legal representatives, successors, and assigns of any such excluded persons."

6. ." The Court appoints Plaintiffs Shela Blackwell and Jo Ann Battieste as Class Representatives, and the law firms Bailey & Glasser LLP and Stracener & Neely as Class Counsel.

7.   **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on _____, 2021, at _____.m., at the United States District Court for the Southern District of Mississippi, Northern Division, located at 501 East Court Street, Suite 5 500, Jackson MS 39201, to determine, among other things: (i) whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Order as provided in Paragraph 1.6 of the Settlement Agreement should be entered; (iii) whether Class Members should be bound by the Releases set forth in Paragraph 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representatives for their representation of the Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be mailed to the Class.

8.   **Class Notice**. The Court approves the form, substance and requirements of the proposed Class Notice, attached to the Settlement Agreement as Exhibit 1. The Court further finds that the form, content and mailing of the Class Notice meet the requirements of Rule 23 and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this action, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Fairness Hearing. The Court further finds that the Class Notice constitutes valid, due and sufficient notice to all persons entitled to notice.

9.   Settlement Administrator. The Court appoints CPT Group, Inc. ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

a.   At least ninety (90) days before the Fairness Hearing (the "Notice Date"),

Plaintiffs shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, and the operative Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a website for the Class;

b.   the Class Notice shall be substantially in the form of Exhibit 1 to the Settlement Agreement (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs), by first class U.S. mail to each individual Class Members;

c.   Following the issuance of the Class Notice, the Settlement Administrator shall provide counsel with written confirmation of the mailing; and

d.   The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

10. **Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it including attorneys' fees and expenses, and Service Awards, by filing a written objection with the Clerk of the United States District Court for the Southern District of Mississippi, Northern Division, located at 501 East Court Street, Suite 5 500, Jackson MS 39201, on or before fifteen (15) calendar days before the Fairness Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, so that it is received on or before fifteen (15) calendar days before the Fairness Hearing. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number (*Blackwell v. Bankers Trust Company of South Dakota*, Case No. 18-cv-141); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel;

(e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, and to the award of attorneys' fees and expenses to Class Counsel and the payment of a Service Award to the Class Representatives for their representation of the Class, unless otherwise ordered by the Court. Responses to objections shall be filed seven (7) days before the Fairness Hearing.

11. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written objection in accordance with Paragraph 9 of this Order may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the objection deadline.

The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and Class Notice shall be deemed to have waived his or her right to appear.

12. **Service of Motion for Final Approval.** The motion in support of final approval of the

Settlement and Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than thirty (30) calendar days prior to the Fairness Hearing and any responsive papers shall be filed and served no later than fifteen (15) calendar days prior to the Fairness Hearing.

13. **Fees, Expenses, and Awards.** Neither Bankers Trust nor the Releasees shall have any responsibility for any application for attorneys' fees and expenses or Service Awards request submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Awards to the Class Representatives for their representation of the Class, should be approved.

14. **Releases.** If the Settlement is finally approved, the Plaintiffs and the Class shall release the Releasees from all Released Claims and all Class Members will be bound by the Final Approval Order.

15. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Bankers Trust. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the

Settlement Agreement.

16. **Continuance of Fairness Hearing.** The Court reserves the right to continue the date of the Fairness Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

17. **Stay of Proceedings.** All proceedings in this action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

18. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

19. **Jurisdiction.** This Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

IT IS SO ORDERED

Dated: _____      _____
                                             THE HONORABLE KRISTI H. JOHNSON
                                             U.S. DISTRICT COURT JUDGE

# EXHIBIT 1A

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

You are receiving this notice because the records of the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan (the "Plan") indicate that you were a participant in the Plan. Your rights may be affected by a proposed class action settlement of this lawsuit.

**Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed settlement are, what rights you have to object to the proposed settlement if you disagree with its terms, and what deadlines apply to the right to object to the proposed settlement.**

## WHAT THIS LAWSUIT IS ABOUT

Plaintiffs Shela Blackwell and Jo Ann Battieste ("Plaintiffs"), participants in the Plan, filed this lawsuit against Bankers Trust Company of South Dakota ("Bankers Trust"), in the U.S. District Court for the Southern District of Mississippi, Northern Division (the "Lawsuit"). The Lawsuit claims that Bankers Trust violated a federal statute, the Employee Retirement Income Security Act of 1974 ("ERISA") in connection with the purchase of 100% of the outstanding shares of Sta-Home Health & Hospice, Inc. ("Sta-Home") stock by the Plan on or about January 17, 2014 (the "ESOP Transaction").

Specifically, Plaintiffs allege that Bankers Trust violated ERISA § 406, 29 U.S.C. § 1106, when it, among things, approved a purchase price for Sta-Home stock that exceeded its fair market value, and received payment from Sta-Home for serving as trustee on behalf of the Plan.

Bankers Trust denies all of Plaintiffs' allegations in the Lawsuit, denies any wrongdoing regarding the ESOP Transaction, and has vigorously defended itself in the Lawsuit.

## THE TERMS OF THE SETTLEMENT

To avoid the additional expense, delay, and uncertainty of the outcome of the Lawsuit, Plaintiffs and the Settlement Class (defined below), and Bankers Trust have agreed to a Settlement that provides for payments to Plan participants. These and other terms of the Settlement are set forth in the Class Action Settlement Agreement dated January 13, 2021 ("Settlement Agreement"), and are summarized below.

### 1.   The Class Covered by the Settlement

The Settlement Class is defined as: all persons who, at any time, were vested participants in the Sta-Home Health & Hospice, Inc. Employee Stock Ownership Plan and the beneficiaries of such participants.  Excluded from the Settlement Class are the Selling Shareholders and their

immediate families, the directors of Sta-Home (other than non-Selling Shareholder directors who were employees of Sta-Home), and legal representatives, successors, and assigns of any such excluded persons
.

      Whether a person meets this definition or not will be based on the Plan's records. You have received this Notice because, based upon those records, you are believed to be a member of the Settlement Class.

**2.   The Payment and Allocation of the Settlement Fund:**

      (a)  Under the Settlement, Bankers Trust will make a total payment of $5,000,000.00 (the "Settlement Amount") to the Settlement Fund Account, consisting of one payment of $100,000 within 10 days of preliminary approval, and the balance within 10 days of the entry of the Final Order by the Court.

      (b) The Settlement Amount, and any accrued interest, shall be the "Settlement Fund."

      (c) The "Net Proceeds" shall be the Settlement Fund less:

           (1) Administrative Expenses, which include amounts required to pay taxes, to administer the Settlement Fund Account, to issue notice of the Settlement and communicate with Settlement Class Members, and to make payments to the Settlement Class Members;

           (2) Attorneys' Fees, which shall not exceed one-third of the Settlement Amount, plus litigation expenses;

           (3) Service Awards to the Named Plaintiffs in amounts not to exceed $20,000 for each Named Plaintiff.

      (d) The Net Proceeds after these deductions will be allocated and distributed in accordance with the Plan of Allocation, as approved by the Court. The proposed Plan of Allocation is available on the website established by the Settlement Administrator. A Settlement Class Member's share of the Net Settlement Fund will be in proportion to the vested company shares that he or she held in the Plan as a percent of all vested shares held by all Plan participants. The Settlement Class Member's benefit shall be calculated by multiplying this ratio by the Net Proceeds. Settlement Class Members will have the option of receiving a payment by check or depositing their distribution into an Individual Retirement Account.

**3.   Settlement Class Members' Release of Claims.**

      In exchange for payment of the Settlement Amount by Bankers Trust and satisfaction of the conditions contained in the Settlement Agreement, all Settlement Class Members and the Plan will release (or give up) any claims against Bankers Trust that pertain to investment in Sta-Home stock or alleged breaches of fiduciary duty based on the allegations contained in the Complaint, up to and including the Settlement Agreement Execution Date. Settlement Class

Members and any successor trustee will be prohibited from bringing or pursuing any other lawsuits or actions based on such claims against Bankers Trust. The Releases and the Covenant not to sue are set forth in full in the Settlement Agreement, which can be viewed online at [website], or requested from Class Counsel.

### STATEMENT REGARDING THE POTENTIAL OUTCOME OF THE LAWSUIT

As with any Lawsuit, the Plaintiffs and Bankers Trust would face an uncertain outcome if the Lawsuit were not settled. Continued litigation could result in a judgment greater or less than the amount obtained in the Settlement, or in no recovery at all. The Plaintiffs and Bankers Trust disagree about whether Bankers Trust did anything wrong, and they do not agree on the amount, if any, that would be recoverable even if Plaintiffs prevailed at trial. Bankers Trust has denied, and continues to deny, all claims and contentions of the Plaintiffs in the Lawsuit, has denied, and continues to deny, any wrongdoing or liability whatsoever, and is entering into the Settlement solely to avoid the cost, disruption and uncertainty of litigation. A settlement avoids the expense, further delay and uncertainty of a trial and gives money to Settlement Class Members more quickly. The Plaintiffs and the attorneys for the Settlement Class think the Settlement is best for all Settlement Class Members.

### THE SETTLEMENT APPROVAL PROCESS

The Court has granted preliminary approval of the proposed Settlement, and has approved this Notice to the Settlement Class. The Settlement will not take effect, however, until it receives final approval from the Court after an opportunity for Settlement Class Members to object, as described below. Following the deadline for objecting to the Settlement, the Court will hold a Fairness Hearing on _____, 2021 at the United States District Court for the Southern District of Mississippi, Northern Division, located at 501 East Court Street, Suite 5 500, Jackson MS 39201. The date and location of the Fairness Hearing is subject to change by order of the Court, which will appear on the Court's docket for this Lawsuit.

### THE OPPORTUNITY TO OBJECT TO THE SETTLEMENT

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it. To object, you must send your objection to the Clerk, U.S. District Court for the Southern District of Mississippi, Thad Cochran United States Courthouse, 501 East Court Street, Suite 2 500, Jackson, MS 39201, and to the Parties at the following addresses:

**To Class Counsel:**

Gregory Y. Porter
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007

**To Defendant's Counsel:**

Lars C. Golumbic
Groom Law Group, Chartered
1701 Pennsylvania Avenue, NW
Suite 1200
Washington, DC 20006

Objections must be filed with the Court by _____, (15 days before the Fairness Hearing). Objections filed after that date will not be considered. To be valid, an objection must set forth, in clear and concise terms: (a) the case name and number (*Blackwell, et al. v. Bankers Trust Company,* Case 4:18-cv-141-CWR-FKB); (b) the name, address, and telephone number of the person objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel; (e) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and (f) copies of all supporting documents.

Any Settlement Class Member who files and serves a written objection that meets these requirements may appear, in person or by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defendant's Counsel by the objection deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court at the Fairness Hearing, if not already filed. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with these deadlines and specifications shall be deemed to have waived his or her right to appear. Responses to objections shall be filed no later than 7 days before the Fairness Hearing.

The Court will consider Settlement Class Member objections in deciding whether to grant final approval. Settlement Class Members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

### ATTORNEYS' FEES AND SERVICE AWARDS FOR NAMED PLAINTIFFS

The attorneys for the Plaintiffs and the Settlement Class ("Class Counsel") are:

Gregory Y. Porter
Ryan T. Jenny
Patrick Muench
Bailey & Glasser, LLP
1055 Thomas Jefferson Street, NW
Suite 540
Washington, DC 20007

W. Eric Stracener
W. Andrew Neely
Stracener & Neely, PLLC
P.O. Box 23148
304 North Congress Street (39201)
Jackson, MS 39225

Class Counsel will seek an award of attorneys' fees of no more than one-third of the $5 million Settlement Amount, or approximately $1,666,666. Class Counsel will also seek reimbursement of litigation fees and expenses. Class Counsel shall also seek Service Awards for the Named Plaintiffs from the Settlement Amount of up to $20,000 each. Class Counsel will file a motion seeking attorneys' fees and expenses no later than _____ (30 days before Fairness Hearing). The motion will be posted on the website established for this settlement at [website]. You may object to the request for attorneys' fees and expenses and to the Service Awards under the same procedures for objecting to the Settlement. Any attorneys' fees, expenses and Service Awards approved by the Court, and the expenses incurred by the Settlement Administrator in sending this Notice and otherwise administering the Settlement, will be paid from the Settlement Fund.

### GETTING MORE INFORMATION

You can visit the website at [website], where you will find the full Settlement Agreement, the Court's order granting Preliminary Approval of the Settlement, this Notice, and other relevant pleadings and documents. If you cannot find the information you need on the website, you may also contact Class Counsel for more information.

### WHAT IF MY ADDRESS OR OTHER INFORMATION HAS CHANGED OR CHANGES AFTER I RECEIVE MY NOTICE?

It is your responsibility to inform the Settlement Administrator of your updated information so that if you elected to receive a check instead of a deposit into an Individual Retirement Account, a check will be sent to you at your correct address if the Settlement is approved. You may do so at this address: Blackwell v. Bankers Trust Company Settlement Administrator, [XX], P.O. Box 0000; City, State 00000-0000.

**Please do not contact the Court or Bankers Trust. They may not be able to give you additional information.**

Dated: _____, 2021          By Order of the United States District Court
                                     District Judge Kristi H. Johnson